[Civ. No. 9021. First Appellate District, Division Two.—November 1, 1933.]

FRANK L. REA et al., Respondents, v. C. W. CHAMBERS et al., Appellants.

J. A. Chase for Appellants.

Everts, Ewing, Wild & Everts and A. W. Carlson and L. N. Barber for Respondents.

STURTEVANT, J. — From a judgment declaring the rights of the lessees forfeited the defendants have appealed.

Some time prior to May 31, 1929, there had been sunk an uncompleted oil test well on the property owned by the plaintiffs. That well was down 2,000 feet. On the date mentioned the plaintiffs as lessors and the defendants as lessees entered into a contract for the drilling of a test well. Some time in July, 1929, the defendants commenced the drilling. In March, 1931, the drilling stopped. At that time the well had been sunk to the depth of 2,065 feet. No further work having been done, on the tenth day of November, 1931, pursuant to a clause contained in the lease, the plaintiffs gave notice to the defendants of their default. On November 30th the defendants entered the premises and made some repairs to their apparatus and machinery. The next day, December 1st, they drilled about two feet and stopped. The cause of the stopping was the fact that one of the tubes in the boiler blew out. As to what length of time it would require to repair the boiler and resume work there is no direct evidence in the record. At the time the boiler trouble arose the well was down 2,067 feet. No other work was done prior to March 17, 1932, and on that date this action was commenced.

Among the numerous covenants contained in the lease are the following: ''The lessee shall within one month from date hereof commence or cause to be commenced operations for the drilling of a test well . . . and shall prosecute the drilling of same *with reasonable diligence* until a well is completed . . . or unless mechanical difficulties are encountered . . . In the event that the lessee fails to perform any obligation or obligations or terms or conditions of this lease

by the lessee to be kept and performed, and such failure shall continue for a period of sixty days from and after written notice thereof specifying the nature of such breach or default is given by the lessor to the lessee, then this lease shall forthwith cease and determine and all rights of the lessee in and to the demised premises shall be at an end; and the lessee shall vacate said premises and the lessor may reenter and take possession of the same . . . Drilling operations as used in this lease is defined to mean placing of material upon premises for the construction of a derrick and other necessary structures for the drilling of an oil well followed *diligently* by the construction of such derrick and other structures and by the actual operation of drilling in the ground.'' Among other things the trial court found: ''That the defendants have not, nor has any of them, nor has anyone on their behalf, commenced the drilling of any well on the premises described in the lease set forth in the complaint, nor prosecuted the drilling of any well thereon to a depth of 3000 feet or produced oil or gas in paying quantities at a lesser depth, and have not prosecuted the drilling of any well on the said premises *with reasonable diligence;* that during the month of March, 1931, the said defendants ceased their drilling operations on the said premises and performed no further work°of any kind thereon until the 30th day of November, 1931. That on the 10th day of November, 1931, the plaintiffs served upon the defendants C. W. Chambers and Inland Valley Oil Company, Ltd., a written notice stating that the lessee had failed to perform the obligations and terms and conditions of the said lease by the lessee to be kept and performed, and specified in such notice the nature of such breach or default, that the failure of the said defendants to prosecute the drilling of said well, *with reasonable diligence,* continued for more than sixty days after the service of said notice and the defendants did not, nor did either of them, nor did anyone else on their behalf, prosecute the drilling of said well *with reasonable diligence* at any time between the time of the serving of said notice and the commencement of this action.''

■ The defendants attack the findings of fact and conclusions of law. The burden of their attack is that their default did not extend for the full period of sixty days after

November 10, 1931. They stress the fact of what they did on November 30th and December 1st. However, the work that they did on those two days was not enough to support a ruling by this court that the trial court erred in holding that the defendants did not proceed "with reasonable diligence". The fact that the tube of the boiler burst, standing alone without additional evidence, cannot be said as a matter of law to excuse all performance from December 1 to January 10, 1932—the end of the sixty-day period specified in the contract. It will be noted that the contract imposed on the defendants at all times to proceed "with reasonable diligence." The uncontradicted evidence is that nothing was done from March to November 10th. After the service of the notice the defendants were called upon to commence in good faith and proceed with reasonable diligence. There was evidence that they did not do so.

On the opening of the trial the defendants asked permission to file an answer in which they alleged the work they had done after the complaint was filed. The trial court refused permission. The defendants now assert such refusal was error. With that assertion we cannot agree. The plaintiffs' complaint rested solely on want of diligence prior to the commencement of the action. The proposed amended answer purported to show diligence after the action was commenced and was not in any respect responsive to the allegations contained in the complaint.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.